FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION 2009 JUN -9 P 12: 21

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA.

CASE NO.: 8:09-cv-87-T-26TBM

RMW

CV 09 - 80121 MISC

RS

SECURITIES AND EXCHANGE
COMMISSION,

　　　　Plaintiff,

v.

ARTHUR NADEL,
SCOOP CAPITAL, LLC,
SCOOP MANAGEMENT, INC.

　　　　Defendants,

SCOOP REAL ESTATE, L.P.,
VALHALLA INVESTMENT PARTNERS, L.P.,
VALHALLA MANAGEMENT, INC.,
VICTORY IRA FUND, LTD,
VICTORY FUND, LTD,
VIKING IRA FUND, LLC,
VIKING FUND, LLC, AND
VIKING MANAGEMENT

　　　　Relief Defendants.
_____/

## ORDER REAPPOINTING RECEIVER

**WHEREAS**, Plaintiff Securities and Exchange Commission ("Commission") filed an emergency motion for the appointment of a Receiver over Defendants Scoop Capital LLC and Scoop Management Inc. ("Defendants"), and Relief Defendants Scoop Real Estate L.P., Valhalla Investment Partners L.P., Valhalla Management Inc., Victory IRA Fund LTD, Victory Fund LTD, Viking IRA Fund LLC, Viking Fund LLC and Viking Management ("Relief Defendants"), with full and exclusive power, duty and authority to: administer and manage the business affairs, funds, assets, choses in action and any other property of the Defendants and Relief Defendants;

marshal and safeguard all of the assets of the Defendants and Relief Defendants; and take whatever actions are necessary for the protection of the investors; and

**WHEREAS**, the Commission has made a sufficient and proper showing in support of the relief requested by evidence demonstrating a *prima facie* case of violations of the federal securities laws by the Defendants; and

**WHEREAS**, the Commission submitted the credentials of Burton W. Wiand to be appointed as Receiver of all of the assets, properties, books and records, and other items of the Defendants and Relief Defendants, including any properties, assets and other items held in the names of the Defendants and Relief Defendants, and the Commission has advised the Court that Burton W. Wiand was prepared to assume this responsibility if so ordered by the Court; and

**WHEREAS,** Burton W. Wiand was appointed Receiver over the Defendants and Relief Defendants; and

**WHEREAS**, upon sufficient and proper showing by Burton W. Wiand and, for the protection of the investors and the Receivership Estate, the Court expanded the Receivership to include Venice Jet Center, LLC; Tradewind, LLC; Laurel Mountain Preserve, LLC; Laurel Preserve, LLC; the Marguerite J. Nadel Revocable Trust UAD 8/2/07; the Laurel Mountain Preserve Homeowners Association, Inc.; The Guy-Nadel Foundation, Inc.; Lime Avenue Enterprises, LLC; and A Victorian Garden Florist, LLC,

**NOW, THEREFORE, IT IS ORDERED AND ADJUDGED** that Burton W. Wiand is hereby reappointed the Receiver over the Defendants and Relief Defendants and Venice Jet Center, LLC; Tradewind, LLC; Laurel Mountain Preserve, LLC; Laurel Preserve, LLC; the Marguerite J. Nadel Revocable Trust UAD 8/2/07; the Laurel Mountain Preserve Homeowners Association, Inc.; The Guy-Nadel Foundation, Inc.; Lime Avenue Enterprises, LLC; and A Victorian Garden Florist,

LLC (collectively "Receivership Entities"), their subsidiaries, successors and assigns, and is hereby authorized, empowered, and directed to:

1. Take immediate possession of all property, assets and estates of every kind of the Receivership Entities, whatsoever and wheresoever located belonging to or in the possession of the Receivership Entities, including but not limited to all offices maintained by the Receivership Entities, rights of action, books, papers, data processing records, evidences of debt, bank accounts, savings accounts, certificates of deposit, stocks, bonds, debentures and other securities, mortgages, furniture, fixtures, office supplies and equipment, and all real property of the Receivership Entities wherever situated, and to administer such assets as is required in order to comply with the directions contained in this Order, and to hold all other assets pending further order of this Court;

2. Investigate the manner in which the affairs of the Receivership Entities were conducted and institute such actions and legal proceedings, for the benefit and on behalf of the Receivership Entities and their investors and other creditors as the Receiver deems necessary against those individuals, corporations, partnerships, associations and/or unincorporated organizations, which the Receiver may claim have wrongfully, illegally or otherwise improperly misappropriated or transferred monies or other proceeds directly or indirectly traceable from investors in the Receivership Entities, including against their officers, directors, employees, affiliates, subsidiaries, or any persons acting in concert or participation with them, or against any transfers of money or other proceeds directly or indirectly traceable from investors in the Receivership Entities; provided such actions may include, but not be limited to, seeking imposition of constructive trusts, disgorgement of profits, recovery and/or avoidance of fraudulent transfers under Florida Statute § 726.101, et. seq. or otherwise, rescission and restitution, the collection of debts, and such orders from this Court as may be necessary to enforce this Order;

3.  Present to this Court a report reflecting the existence and value of the assets of the Receivership Entities and of the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations of the Receivership Entities;

4.  Appoint one or more special agents, employ legal counsel, actuaries, accountants, clerks, consultants and assistants as the Receiver deems necessary and to fix and pay their reasonable compensation and reasonable expenses, as well as all reasonable expenses of taking possession of the assets and business of the Receivership Entities, and exercising the power granted by this Order, subject to approval by this Court at the time the Receiver accounts to the Court for such expenditures and compensation;

5.  Engage persons in the Receiver's discretion to assist the Receiver in carrying out the Receiver's duties and responsibilities, including, but not limited to, the United States Marshal's Service or a private security firm;

6.  Defend, compromise or settle legal actions, including the instant proceeding, in which the Receivership Entities or the Receiver is a party, commenced either prior to or subsequent to this Order, with authorization of this Court; except, however, in actions where the Receivership Entities are a nominal party, where the action does not effect a claim against or adversely affect the assets of the Receivership Entities, the Receiver may file appropriate pleadings in the Receiver's discretion. The Receiver may waive any attorney-client or other privilege held by the Receivership Entities;

7.  Assume control of, and be named as authorized signatory for, all accounts at any bank, brokerage firm or financial institution which has possession, custody or control of any assets or funds, wherever situated, of the Receivership Entities and, upon order of this Court, of any of their subsidiaries or affiliates, provided that the Receiver deems it necessary;

8.  Make or authorize such payments and disbursements from the funds and assets taken into control, or thereafter received by the Receiver, and incur, or authorize the incurrence of, such expenses and make, or authorize the making of, such agreements as may be reasonable, necessary, and advisable in discharging the Receiver's duties;

9.  Have access to and review all mail of the Receivership Entities (except for mail that appears on its face to be purely personal or attorney-client privileged) received at any office or address of the Receivership Entities.

**IT IS FURTHER ORDERED AND ADJUDGED** that, in connection with the reappointment of the Receiver provided for above:

10.  The Receivership Entities and all of their directors, officers, agents, employees, attorneys, attorneys-in-fact, shareholders, and other persons who are in custody, possession, or control of any assets, books, records, or other property of the Receivership Entities shall deliver forthwith upon demand such property, monies, books and records to the Receiver, and shall forthwith grant to the Receiver authorization to be a signatory as to all accounts at banks, brokerage firms or financial institutions which have possession, custody or control of any assets or funds in the name of or for the benefit of the Receivership Entities;

11.  All banks, brokerage firms, financial institutions, and other business entities which have possession, custody or control of any assets, funds or accounts in the name of, or for the benefit of, the Receivership Entities shall cooperate expeditiously in the granting of control and authorization as a necessary signatory as to said assets and accounts to the Receiver;

12.  Unless authorized by the Receiver, the Receivership Entities and their principals shall take no action, nor purport to take any action, in the name of or on behalf of the Receivership Entities;

5

13. The Receivership Entities, and their respective officers, agents, employees, attorneys, and attorneys-in-fact, shall cooperate with and assist the Receiver. The Receivership Entities and their principals, respective officers, agents, employees, attorneys, and attorneys-in-fact shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the Receiver in the conduct of the Receiver's duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the Receiver of the funds, assets, premises, and choses in action described above;

14. The Receiver, and any counsel whom the Receiver may select, are entitled to reasonable compensation from the assets now held by or in the possession or control of or which may be received by the Receivership Entities; said amount or amounts of compensation shall be commensurate with their duties and obligations under the circumstances, subject to approval of the Court;

15. Without prior permission from this Court, during the period of this receivership all persons, including creditors, banks, investors, or others, with actual notice of this Order, are enjoined from filing a petition for relief under the United States Bankruptcy Code or from in any way disturbing the assets or proceeds of the receivership or from prosecuting any actions or proceedings which involve the Receiver or which affect the property of the Receivership Entities;

16. The Receiver is fully authorized to proceed with any filing the Receiver may deem appropriate under the Bankruptcy Code as to the Receivership Entities;

17. Title to all property, real or personal, all contracts, rights of action and all books and records of the Receivership Entities and their principals, wherever located within or without this state, is vested by operation of law in the Receiver;

18. Upon request by the Receiver, any company providing telephone services to the Receivership Entities shall provide a reference of calls from any number presently assigned to any of the Receivership Entities to any such number designated by the Receiver or perform any other changes necessary to the conduct of the receivership;

19. Any entity furnishing water, electric, telephone, sewage, garbage or trash removal services to the Receivership Entities shall maintain such service and transfer any such accounts to the Receiver unless instructed to the contrary by the Receiver;

20. The United States Postal Service is directed to provide any information requested by the Receiver regarding the Receivership Entities, and to handle future deliveries of the mail of the Receivership Entities as directed by the Receiver;

21. No bank, savings and loan association, other financial institution, or any other person or entity shall exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court;

22. No bond shall be required in connection with the appointment of the Receiver. Except for an act of gross negligence or greater, the Receiver shall not be liable for any loss or damage incurred by the Receivership Entities or by the Receiver's officers, agents or employees, or any other person, by reason of any act performed or omitted to be performed by the Receiver in connection with the discharge of the Receiver's duties and responsibilities;

23. In the event that the Receiver discovers that funds of persons who have invested in the Receivership Entities have been transferred to other persons or entities, the Receiver shall apply to this Court for an Order giving the Receiver possession of such funds and, if the Receiver deems it advisable, extending this receivership over any person or entity holding such investor funds; and

24. This Court shall retain jurisdiction of this matter for all purposes.

**DONE AND ORDERED** in Chambers at Tampa, Florida, on June 3, 2009.

                       *s/ Richard A. Lazzara*
                       **RICHARD A. LAZZARA**
                       **UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record
Arthur G. Nadel, Register No. 50690-018
MCC New York
Metropolitan Correctional Center
150 Park Row
New York, NY 10007

8

